Mathews, J.
delivered the opinion of the court. This is a case, in which the appellees, who were plaintiffs in the court below, claim a privilege as vendors on certain goods described in their petition.
It appears, by the evidence contained in the record, that the insolvents were in the habit of ordering goods and merchandize to be sent to them in New-Orleans, by their correspondents, the appellees, merchants of the city of London, *134 in the kingdom of Great-Britain, who executed such orders and received payment by remittances in the usual course of trade between said places; and that, at the time of the failure of the appellees, certain parcels of the goods transmitted to them as above stated, were found unaltered in their possession, and passed into the hands of the syndics, on which the plaintiffs claim a privilege.
On this statement of the case, two questions may be made : 1st. under the laws of which country was the contract made ? 2d. Is the privilege of vendors of the nature of the concontract of sale, or does it belong to the remedy for enforcing such contracts ?
In cases of contracts made between persons who are absent from each other, by means of letters or authorised agents, we are of opinion that the doctrine, as established by Casaregis, in his 179th discourse on commerce, is correct, viz. that they are made in the country and subjected to its laws, where the final assent may have been given, which is that of a merchant who receives and executes the order of his correspondent. In this view of the subject, the present sale must be considered as one made in England, and to be governed by the laws of that country, so far as relates to its effects ; *135 and it is agreed that those laws provide no privilege for vendors in cases like the present.
Our laws do grant the privilege contended for by the plaintiffs ; and if it be one appertaining rather to the remedy than the contract itself, they ought to be maintained in their claim. We have not been able to find a decision directly in point, made by any other tribunal of justice ; and the question is new to our own courts.
In the case cited in favour of the appellants, from the author abovementioned, same discourse n. 53, 55, it was determined that a privilege secured to sellers by the laws of a country where the contract was made, followed the property into one where by law, no such privilege existed. This decision goes far to shew that the privilege was considered as belonging to the contract itself, and not to the remedy for enforcing its execution. When men enter into agreements, they generally do so with reference to the laws of the place where they contract, and ought not to calculate on having their rights and claims, enlarged or diminished by the laws of any other.
We are of opinion that the judgment of the court below is erroneous. It is, therefore, or *136 dered, that the property claimed and sequestered by the appellees, be restored to the syndics of the insolvents, as belonging to their estate, and that the appellees pay costs in both courts.